*808 OPINION.
Van Fossan:
The law presumes that money transferred from a wife to the husband is a gift, but such a presumption is rebuttable. See Jacob Grossman, 9 B. T. A. 643. The evidence establishes that the petitioner utilized the credit extended to her by banks in order to obtain the money which she in turn lent to her husband. Her financial status was due to the inheritance she received from her father. The loans received from her by her husband were strictly for the promotion of a business enterprise in which the petitioner was not directly engaged and from which she expected to receive no profit. It was intended that the loans should be repaid as previous loans to him had been. The loans were not ascertained to be worthless until after her husband’s death, since she was not aware of his true financial condition during his lifetime. Hetherington’s death occurred on December 5, 1921, and his will was probated in January, 1922. The fact that his estate was worthless was not disclosed until that date.
Under the facts of this case we are of the opinion that a loss in the amount of $44,500 is properly deductible from the income of the petitioner during the year 1922.

Judgment mil be entered under Rule 50.